IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. 14-cr-40008-JPG-09 |
| AMYE L. SANDIDGE, | ) ) ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Amye L. Sandidge's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 427).

Sandidge pled guilty to one count of conspiracy to manufacture methamphetamine. At sentencing on September 11, 2015, the Court found by a preponderance of the evidence that Sandidge's relevant conduct was 2,119.2 kilograms of marihuana equivalent, which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 30. Her offense level was increased by two points under U.S.S.G. § 3B1.4 for use of a minor and was reduced by three points under U.S.S.G. § 3E1.1(a) and (b) because Sandidge timely demonstrated acceptance of responsibility for her offense. This established a total offense level of 29 which, considering Sandidge's criminal history category of II, yielded a sentencing range of 97-121 months in prison. The Court imposed a sentence of 84 months. Sandidge now asks the Court to apply Amendment 782 to U.S.S.G. § 2D1.1 to lower her sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2014 version of the U.S.S.G., including Amendment 782, which became effective November 1, 2014.

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request. *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant Sandidge's reduction request because she cannot satisfy the first criterion. Sandidge was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). The Sentencing Commission promulgated Amendment 782 to amend U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower base offense levels associated with various drug amounts. However, Sandidge's September 11, 2015, sentence was calculated using Amendment 782 and already reflects the reductions implemented by that guideline amendment. Thus, her sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

Because Sandidge cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot grant her reduction request. *See Taylor*, 778 F.3d at 762. The Court therefore **DENIES** her motion (Doc. 427).

**IT IS SO ORDERED.**
**DATED:   May 16, 2016**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **UNITED STATES DISTRICT JUDGE**